**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1973
_____


FLORIN HAXHARI, a/k/a Daniele Hessi;
LUCE HAXHARI, a/k/a Elena Inzachi,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of a Decision and Order of
the Board of Immigration Appeals
(BIA No. A098-586-577)

Submitted January 24, 2012

Before:  AMBRO, CHAGARES, and HARDIMAN, <u>Circuit</u> <u>Judges</u>.

(Filed: January 27, 2012)
_____

OPINION
_____

CHAGARES, <u>Circuit Judge</u>.

Florin Haxhari and his wife, Luce Haxhari, petition for review of the decision

entered by the Board of Immigration Appeals ("BIA"), vacating the Immigration Judge's

grant of Haxhari's application for asylum.  For the reasons set forth the below, we will

deny the petition.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. Florin Haxhari ("Haxhari") was born in Juban-Shkoder, Albania in 1980. Appendix ("App.") 513.[1] He married Luce Haxhari on September 5, 2003 in Albania. App. 514. Haxhari joined the Democratic Party in July 1998. App. 146. In September 1998, Haxhari was arrested by the police when he returned from the funeral of a Democratic Party leader. App. 144-45. He was held for five or six hours, interrogated, punched, had his hair pulled, and was called a "dunce of the Democratic Party." App. 145-46. In December 1999, after participating in a protest in Gurizi, Haxhari was arrested, held overnight and beaten. App. 147-48. In October 2000, Haxhari was assaulted by unknown individuals for ten minutes and was told "you better withdraw your efforts from the Democratic Party or you will end up dead." App. 149. Haxhari did not seek medical treatment after the beating. App. 149-50. He also did not report the incident to the police, because he felt he could not seek their protection after they arrested him only a year before. App. 150. On June 17, 2003, Haxhari was arrested because he was involved in a debate with members of the Socialist Party the previous day. App. 152. He was detained for three hours and questioned about his political beliefs. App. 153.

---

[1] The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302, contained provisions regarding credibility determinations. However, because Haxhari filed his asylum application before May 11, 2005, those provisions do not apply in this case. Lin v. Gonzales, 503 F.3d 4, 7 (1st Cir. 2007). The BIA noted that the Immigration Judge did not make explicit credibility findings, but the BIA also noted that Haxhari's credibility was not in dispute. App. 2.

On October 12, 2003, while serving as an election monitor, Haxhari pointed out violations by a member of the local election committee who was a member of the Socialist Party. App. 155. On his way home that day, he was beaten by masked men who threatened his life. App. 158. He reported the incident to the police, but they were unable to pursue a case because Haxhari could not identify the masked perpetrators. App. 158. In April 2004, two masked men entered Haxhari's shop, beat him for 20 to 30 minutes, until they "almost left me dead on the floor" and warned him that there would be "no more warnings for you. This is it, and you will die. You will die soon." App. 159-60. Haxhari did seek medical attention after this incident and received penicillin and valium to treat his wounds and infection. App. 160. Haxhari left the clinic against medical advice to stay for observation because he feared for his life. App. 161. He left Albania on May 21, 2004. App. 161. Haxhari and his wife entered the United States on May 26, 2004 using fraudulent passports. App. 501, 621, 644. The Democratic Party returned to power through a coalition in Albania in 2005 but Haxhari testified that he believed that "the mafia group and the secret service police, and the secrets [sic] service, the informative state services continue to actively work for the Socialist Party." App. 162.

Haxhari also proffered expert testimony by Dr. Bernd J. Fischer. Fischer testified that people in Albania rarely go to the police because of distrust and fear. App. 217. He testified that he was unsure whether the "Democratic Party has the ability to protect people at the lower levels." App. 216. Fischer testified that "police at the lower levels are still dominated by people who were appointed during the Socialist period." App. 214.

3

Fischer testified that a member of the Democratic Party who was assaulted by a member of the Socialist Party could pursue criminal action but he stated, "I'm not certain they would get very far, again, because of the fact that the judiciary as well as the police are highly politicized and highly corrupt." App. 216. Fischer admitted he did not have any specific information about the Shkoder police department, App. 233, and that he had previously stated that "[c]ard carrying members of the Democratic Party are not at risk of ill treatment." App. 218.

On August 18, 2008, the Immigration Judge granted asylum to Haxhari and derivatively to his wife. App. 101-02. The Immigration Judge declined to analyze Haxhari's application for withholding of removal.[2] App. 101. The Immigration Judge also declined to make a specific finding on whether Haxhari had established past persecution, App. 88, which would have given rise to a rebuttable presumption of a well-founded fear of future persecution. Toure v. Att'y Gen., 443 F.3d 310, 316 (3d Cir. 2006). The Immigration Judge relied on Haxhari and Fischer's testimony as well as the State Department Country Reports on Human Rights in Albania to conclude that Haxhari's fear of persecution by the police because of his membership in the Democratic Party was reasonable and well-founded. App. 99-100.

---

[2] Haxhari set forth the standard for granting withholding of removal in his brief, but presents no argument in support of the claim. Haxhari Br. 7. Thus, he has waived the claim on appeal. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005). Further, because "the threshold for asylum is lower than for protection under the withholding of removal . . . provisions," Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008), and because we reject Haxhari's asylum claim, we necessarily would reject his claim for withholding of removal, were it not waived.

4

The BIA held the facts as found by the Immigration Judge did not rise to the level of persecution. App. 3. The Board vacated the Immigration Judge's grant of asylum, finding that Haxhari's fear of future persecution was not objectively reasonable and therefore he had not established eligibility for asylum. App. 3.

## II.

We have jurisdiction to review the BIA's final removal orders. 8 U.S.C. § 1252(a)(1); Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). "The BIA's ruling on an asylum petition is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Huang, 620 F.3d at 379 (quoting 8 U.S.C. § 1252(b)(4)(D)). "We review the facts upon which the BIA's decision rests to ensure that they are supported by substantial evidence from the record considered as a whole, Espinosa-Cortez v. Att'y Gen., 607 F.3d 101, 106 (3d Cir. 2010), and we will reverse based on a factual error only if any reasonable fact-finder would be 'compelled to conclude otherwise.'" Id. (quoting 8 U.S.C. § 1252(b)(4)(B)). This Court has held that both "'persecution,' and 'well-founded fear of persecution' are . . . findings of fact that we review under the deferential substantial evidence standard articulated in INS v. Elias-Zacarias, 502 U.S. 478 (1992)." Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001).

## III.

To establish eligibility for asylum, Haxhari must prove that he is a refugee. "A refugee is 'any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of

persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Toure, 443 F.3d at 316 (quoting 8 U.S.C. § 1101(a)(42)(A)). "An asylum applicant must demonstrate either past persecution or a well-founded fear of future persecution." Voci v. Gonzales, 409 F.3d 607, 613 (3d Cir. 2005). Persecution includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993).

Substantial evidence supports the BIA's conclusion that Haxhari has failed to show past persecution. The brief detentions Haxhari testified to do not rise to the level of past persecution. This Court has held that "isolated incidents that do not result in serious injury do not rise to the level of persecution." Voci, 409 F.3d at 614-15 (finding persecution where petitioner alleged "multiple beatings, seven of which he characterized as severe, and at least one of which resulted in a broken knee and an extended hospital stay" as well as threats and intimidation of himself and his family); see also Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007) (finding no persecution when petitioner alleged two police detentions, the first lasting four hours and including punches and threats of use of wires and electrical cables, and the second lasting two days where officers "cursed, threatened, kicked, shoved, and pushed him" but after which petitioner did not seek medical attention). Further, the BIA correctly found that Haxhari failed to prove the Albanian government was unwilling or unable to control the private citizens who mistreated him. Wong v. Att'y Gen., 539 F.3d 225, 233 (3d Cir. 2008).

6

Substantial evidence also supports the BIA's conclusion that Haxhari failed to prove fear of future persecution. To establish a well-founded fear of persecution, Haxhari must show an "individualized risk of persecution or that there is a 'pattern or practice' of persecution" of similarly situated individuals. Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005). The Democratic Party came to power in Albania after Haxhari left and the BIA found that the State Department Country Reports do not mention the type of mistreatment Haxhari experienced. In light of the changes in country conditions, the BIA correctly found the testimony of Haxhari's expert insufficient to establish an objective basis for a well-founded fear of persecution because Haxhari failed to demonstrate that he would be targeted individually or that there is a pattern or practice of targeting Democratic Party members. See Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004) (holding reliance on State Department Reports is "justifiable" as "substantial evidence" in immigration decisions); see also Cuko v. Mukasey, 522 F.3d 32, 40 (1st Cir. 2008) (relying on State Department Country Reports to find that Albanian Democratic Party member did not prove a well-founded fear of future persecution).

Finally, Haxhari contends that the BIA engaged in improper fact-finding. However, whether the facts as found by the Immigration Judge rise to the level of past persecution and the reasonableness of Haxhari's fear of future persecution are mixed questions of law and fact that the BIA properly reviewed de novo. See Huang, 620 F.3d at 384-85.[3]

---

[3] Haxhari also contends that he should be granted asylum for humanitarian reasons and that he faces future persecution because he did not appear for his military service.

7

IV.

For the foregoing reasons, we will deny the petition for review.

---

Because he did not raise these claims in his administrative proceedings, they are unexhausted and we need not address them.  8 U.S.C. § 1252(d)(1).