**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-1407

———————

FLORIN HAXHARI, AKA Daniele Hessi;
LUCE HAXHARI, AKA Elena Inzachi,
                                                Petitioners

v.

ATTORNEY GENERAL OF THE
UNITED STATES,
                                                Respondent

———————————————

On Petition for Review of an Decision of the
Board of Immigration Appeals
BIA No. A098-586-576
BIA No. A098-586-577
(U.S. Immigration Judge: Honorable Annie S. Garcy)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 27, 2015

Before:  GREENAWAY, JR., SCIRICA, and ROTH, *Circuit Judges*.

(Opinion Filed:  April 29, 2016)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Petitioners Florin Haxhari and his wife, Luce Haxhari, petition for review of a decision of the Board of Immigration Appeals (BIA) denying their motion to reopen. For the reasons detailed below, we will deny the petition for review.

## I.

The Haxharis, citizens of Albania, first entered the United States on May 26, 2004 using false Italian passports. They applied for asylum, withholding of removal, and relief under the Convention Against Torture on October 18, 2004, claiming they feared future persecution from members of the Socialist Party of Albania due to Mr. Haxhari's membership in the Democratic Party.

In 2008, Mr. Haxhari testified in support of his claim before an Immigration Judge. According to Mr. Haxhari, he was detained by the police on three occasions between 1998 and 2004 because of his connection to Democratic Party activities, and was physically assaulted on two of those occasions. In addition, Mr. Haxhari testified he was beaten on three separate occasions by members of the Socialist Party, and was told that if he continued his political activism, he would be killed. Although the Democratic Party controlled the Albanian government by 2008, Mr. Haxhari testified that where he lived, police and local government officials were loyal to the Socialist Party.

The IJ also heard testimony in support of the Haxharis' claim from Dr. Bernd J. Fischer, an expert in post-1990 Albania. Dr. Fischer testified the Haxharis' experience was consistent with his knowledge of Albania. He also testified that although the

Democratic Party was in power at the time of the hearings, it did not exercise sufficient control over the country to guarantee the safety of its members on a local level.

Based on the testimony of Mr. Haxhari and Dr. Fischer, and the State Department's Report on Human Rights Practices in Albania, the IJ granted the Haxharis' application for asylum. The IJ found the Haxharis' fear of persecution was objectively reasonable, given the abuses Mr. Haxhari had suffered and the fact that some of them were carried out by the police. The IJ also found the Democratic Party's rise to power did not diminish the Haxharis' fear, relying on Dr. Fischer's testimony that the Socialist Party still exercised local control in some areas.

The Department of Homeland Security appealed from the IJ's finding, and on March 31, 2011, the BIA sustained its appeal. The BIA disagreed with the IJ's finding that the Haxharis' fear of persecution was objectively reasonable. It first noted that based on the factual findings of the IJ, the harm suffered by the Haxharis did not rise to the level of past persecution required to establish a presumption of persecution. Further, the BIA found Dr. Fischer's testimony and the State Department's report did not provide a sufficient objective basis for a well-founded fear of persecution. It found no evidence the Haxharis would be singled out for persecution if they returned to Albania, and no evidence of a pattern of persecution of Democratic Party members in Albania at the time. Accordingly, the BIA vacated the IJ's decision granting asylum.

The Haxharis petitioned for review of the BIA's decision, which we denied on January 12, 2012. *Haxhari v. Att'y Gen.*, 459 F. App'x 140 (3d Cir. 2012). We found substantial evidence supported the BIA's conclusions that the Haxharis failed to establish

past persecution and failed to establish a fear of future persecution. *Id.* at 143.

On October 7, 2014, the Haxharis moved to reopen their case. They conceded their motion fell outside the statutory deadline for motions to reopen, but argued the deadline did not apply because circumstances in Albania had materially changed since their case was decided. Specifically, the Haxharis contended that because the Socialist Party had returned to power in Albania during 2013, their case should be reopened. Their motion was supported by a new declaration by Dr. Fischer outlining how conditions had worsened in Albania.

The BIA disagreed, and denied the motion as time-barred on January 28, 2015. The BIA found the circumstances in Albania had not materially changed because there was still no evidence members of the Democratic Party faced persecution due to their political beliefs. The Haxharis again petitioned us for review of the BIA's order.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *See Liu v. Att'y Gen.*, 555 F.3d 145, 148 (3d Cir. 2009). We give broad deference to the BIA, and will not disturb its decision unless it is "arbitrary, irrational, or contrary to law." *Pllumi v. Att'y Gen.*, 642 F.3d 155, 158 (3d Cir. 2011). Generally, a motion to reopen must be filed within ninety days of the date of entry of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). But this deadline does not apply if the motion is "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." *Id.* §

1229a(c)(7)(C)(ii).

### III.

The Haxharis argue the BIA abused its discretion and violated their due process rights by failing to consider new evidence regarding changed country conditions in Albania. They contend the BIA ignored evidence demonstrating the worsened conditions in Albania, particularly Dr. Fischer's report, which the BIA did not mention in its decision.

Contrary to the Haxharis' assertion, the BIA did not ignore the evidence supporting their motion to reopen. The Haxharis submitted a U.S. Department of State Human Rights Report that was cited in the BIA's order. The report concluded that during the 2013 elections in Albania, "multiple political parties participated freely, with active citizen participation and respect for fundamental freedoms." J.A. 7. Relying on this report, along with a lack of direct or specific evidence that the Haxharis would be at risk of political persecution, the BIA concluded that the Haxharis did not demonstrate that circumstances in Albania were materially different from the time of their removal hearing. This determination was not an abuse of the BIA's discretion.

Nor did the BIA violate the Haxharis' due process rights by failing to mention Dr. Fischer's report in its order. So long as the BIA has "given reasoned consideration" to the motion to reopen, it need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Zheng v. Att'y Gen.*, 549 F.3d 260, 268 (3d Cir. 2008). The BIA gave consideration to the arguments made in the Haxharis' motion—it specifically rejected the idea that the 2013 election constituted a

material change in circumstances, and explained that the Haxharis failed to provide specific evidence that they faced a risk of political persecution in Albania. The BIA's failure to mention Dr. Fischer's report in its order does not amount to a denial of due process.

Moreover, the report does not establish that circumstances in Albania have materially changed. Dr. Fischer's original report explained that even before 2013, the Socialist Party asserted local control over the area where the Haxharis lived. His new report does not specify how the Socialist Party's success in the 2013 election increased the Haxharis' risk of political persecution. Instead, his report asserts that "[h]igh levels of corruption and organized crime are a critical *ongoing* problem in Albania…." Pet'r's Br. 16 (emphasis added). While this may be true, it reflects a continuation of instability in Albania, not a material change. *See Pllumi*, 642 F.3d at 161 (holding that the BIA did not abuse its discretion when it denied a motion to reopen because "the conditions described have persisted").

## IV.

For the foregoing reasons, we will deny the petition for review.